UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH | § | |
| | § | **CIVIL ACTION NO. 1:16-CV-73** |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| JESUE LLC and JASAN LLC | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff JON R. DEUTSCH and brings this cause of action against JESUE LLC and JASAN LLC, ("DEFENDANTS"). JESUE LLC and JASAN LLC, own the real estate, property, and improvements in the local area where a local restaurant named EL POLLO RICO #4 operates. Mr. Deutsch respectfully shows that the Defendant's real estate, property, and improvements at the AUSTIN location ("EL POLLO RICO #4") are not accessible to individuals with mobility disabilities, in violation of state and federal law.

### STATEMENT OF CLAIM

1. Mr. Deutsch, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act

1

("TABA"), Tex.Gov't. Code §469, and Chapter 121 of the Texas Human Resources Code, Tex.Hum.Res. Code §121.001 *et seq*. ("Chapter 121").

2. Defendants refused to provide Mr. Deutsch and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves the EL POLLO RICO #4.  The Austin location does not provide an ADA-Compliant Van Accessible space.  Based on this fact, JESUE LLC AND JASAN LLC, have denied Mr. Deutsch the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at EL POLLO RICO #4.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.  Mr. Deutsch further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to consider his state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in the City of Austin, Travis County, wherein the EL POLLO RICO #4 is located.

## PARTIES

5. Plaintiff JON R. DEUTSCH is a paraplegic with no use of his legs.  Mr. Deutsch has a disability, as established by the Social Security Administration and has a disabled placard on his vehicle from the State of Texas.  Mr. Deutsch has significant mobility impairments and uses a wheelchair for mobility.  He is a "qualified individual with a disability" within the meaning of ADA Title III and a "person with a disability"

within the meaning of Chapter 121.

6. Defendants JESUE LLC and JASAN LLC, own the real estate, improvements, and building where the EL POLLO RICO #4 is situated. The address of EL POLLO RICO #4 is 704 W STASSNEY, AUSTIN, TX 78745. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA and Texas Accessibility Standards. *See* Tex.Gov't Code §469.003(a)(4) (applying TAS to buildings defined as public accommodations under the ADA). It is also a public facility within the meaning of Chapter 121. Tex.Hum.Res. Code §121.003.

7. Defendant JESUE LLC is a Foreign Limited Liability Company whose headquarters are 185 NW SPANISH RIVER BLVD. #100, BOCA RATON, FL 33431. Defendant can be served process through its registered agent NATIONAL CORPORATE RESEARCH, LTD, who can be served at 800 BRAZOS, SUITE 400, AUSTIN, TX 78701 as indicated by records from the Office of Texas Secretary of State. Defendant JASAN LLC is a Foreign Limited Liability Company whose headquarters are 185 NW SPANISH RIVER BLVD. #100, BOCA RATON, FL 33431. Defendant can be served process through its registered agent NATIONAL CORPORATE RESEARCH, LTD, who can be served at 800 BRAZOS, SUITE 400, AUSTIN, TX 78701 as indicated by records from the Office of Texas Secretary of State.

## FACTS

8. EL POLLO RICO #4 is a business establishment and place of public accommodation. EL POLLO RICO #4 is situated on real estate, property, and improvements owned and operated by JESUE LLC and JASAN LLC.

9. EL POLLO RICO #4 is not accessible to disabled individuals because it

has zero ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business at this property.  Furthermore, the threshold to the store entrance exceeds ½".

10. Both Satellite photographs and photographs taken at the scene confirm these statements. *See* **Figures 1-7** *below*.



**Fig. 1 - Overhead view of EL POLLO RICO #4 AUSTIN IN 2015.**
Satellite Images from *Texas General Land Office, Texas Orthoimagery Program, U.S. Geological Survey, 2015*. Note: This property has zero ADA-Compliant Van Accessible Parking Spaces. Under the Americans with Disabilities Act, this business must have 1 ADA-Compliant Van Accessible Parking Space (96" Wide with 96" Side Access Aisle).



**Fig. 2 - Photograph of EL POLLO RICO #4.** Note: Not ADA-Complaint. No ADA-Compliant Van Accessible Disabled Parking Spaces are visible.



**Fig. 3 – Opposite Side of Restaurant.** Note: Not ADA-Compliant. No ADA-Compliant Van Accessible Parking Spaces.

5



**Fig. 4 – Southeast Side of Property.** Note: Not ADA-Compliant. No Van Accessible Parking Spaces.



**Fig. 5 – Closeup of Disabled Parking Space.** Not ADA-Compliant Van Accessible (96" Wide with 96" Side Access Aisle). Access Aisle is Too Small. Does not Measure 96" Wide.

6



**Fig. 6 – Closeup of Access Aisle.** Not ADA-Compliant Van Accessible. Access Aisle is Too Small. Does Not Measure 96" Wide. Under the ADA, this location must have 1 Van Accessible Space (96" Wide with 96" Side Access Aisle).



**Fig. 7 – Main Entrance.**

11.     The Plaintiff patronized the EL POLLO RICO #4 located 704 W STASSNEY, AUSTIN, TX 78745 in August of 2015.

12.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. This violation denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendants

13.     Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the Defendant intended any other configuration, it had the means and ability to make the change.

14.     The Defendant's Austin location does not have the required number of ADA parking spaces.  With 1-25 parking spaces, Defendants must have at least <u>one</u> ADA-Compliant Van Accessible Disabled Parking space (96" Wide with 96" Side Access Aisle).  This space must be located close to the entrance of the business. *See* **Figs. 1-7,** *supra* and **Exhibit 1**.

15.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for over 25 years.

## I. FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. § 12101

16.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
>
> b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
>
> c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at least <u>one</u> ADA-Compliant Van Accessible space (96" Wide with 96" Side Access Aisle). *See* **Exhibit 1**.

19. Here, the Defendants did not provide a sufficient number of ADA-

9

compliant parking spaces in its parking lot, although doing so is easily and readily done, and, therefore violated the ADA.  This is a violation of the law and is discriminatory.

## II. SECOND CAUSE OF ACTION:
## VIOLATION OF CHAPTER 121, TEXAS HUMANS RESOURCES CODE, TEXAS ACCESSIBILITY STANDARDS

20. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society.  Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities available within the state." Tex.Hum.Res. Code §121.001.

21. Pursuant to the legislative mandate in the Texas Human Resources Code, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards ("TAS") to be the minimum guidelines for compliance with Chapter 121 of the Tex.Hum.Res. Code.  The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

22. TABA applies to privately funded buildings or facilities defined as a "public accommodation" by 42 U.S.C. §12181, and its subsequent amendments. Tex.Gov't. Code §469.003(a)(4).  The Defendants' retail store is such a public facility.

23. Defendants' violations of the ADA, 42 U.S.C. §12182 and 36 C.F.R., Part 1191, Appendix B, § 208.2 also constitute violations of the corresponding sections of the Texas Accessibility Standards § 208.2.

24. Defendants' actions have denied, and continue to deny, Mr. Deutsch,

10

because of his disabilities, and those like him, the opportunity to participate in or benefit from a good, service, or accommodation that is equal to that afforded other individuals, thus violating Chapter 121. Tex.Hum.Res. Code §121.001, *et seq*.

## RELIEF REQUESTED

Injunctive Relief

25.     Mr. Deutsch will continue to experience unlawful discrimination as a result of Defendants' refusal to comply with the ADA, Chapter 121, and the TABA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendants' retail store equally, as required by law, and to compel Defendants to restripe the parking lot in order to add the required numbers of accessible parking spaces. Injunctive relief is also necessary to compel Defendants to modify the property to be in compliance with federal and state laws.

Declaratory Relief

26.     Mr. Deutsch is entitled to declaratory judgment concerning Defendants' violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendants' retail store.

27.     The facts are undisputed and Defendants' non-compliance with the ADA has been proven through satellite photographs and on-site photographs.  Plaintiff proves a *prima facie* case of ADA violations against Defendants.

Statutory Damages

28.     Mr. Deutsch is entitled to damages in the amount of at least $300 per

11

violation of Chapter 121 by Defendants, pursuant to Tex.Hum.Res. Code §121.004(b).

Attorney's Fees and Costs

29.    Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

**PRAYER FOR RELIEF**

THEREFORE, Mr. Deutsch respectfully requests this Court award the following relief:

A.  A permanent injunction, compelling Defendants to comply with the Americans with Disabilities Act; and enjoining Defendants from violating the ADA and Chapter 121 of the Texas Human Resources Code; and from discriminating against Mr. Deutsch and those similarly-situated, in violation of the law;

B.  A declaratory judgment that Defendants' actions are a violation of the ADA and Chapter 121 of the Texas Human Resources Code;

C.  Damages in the amount of at least $300 per violation of Chapter 121, pursuant to Tex.Hum.Res. Code §121.004(b);

D.  Find that Mr. Deutsch is the prevailing party in this action, and order Defendants liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

E.  Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: JANUARY 28, 2016          Respectfully submitted,

By:    /s/ Omar W. Rosales

       Omar W. Rosales

       **THE ROSALES LAW FIRM, LLC**
       WWW.OWROSALES.COM
       OMAR W. ROSALES
       Federal No. 690657
       PO BOX 6429
       AUSTIN, TX 78762-6429
       (512) 520-4919 Tel
       (512) 309-5360 Fax

       ATTORNEY OF RECORD FOR
       PLAINTIFF JON R. DEUTSCH

# EXHIBIT 1




# 2010 ADA Standards for Accessible Design

**Department of Justice**
September 15, 2010



## 208 Parking Spaces

**208.1 General.** Where parking *spaces* are provided, parking *spaces* shall be provided in accordance with 208.

**EXCEPTION:** Parking *spaces* used exclusively for buses, trucks, other delivery vehicles, law enforcement vehicles, or vehicular impound shall not be required to comply with 208 provided that lots accessed by the public are provided with a passenger loading zone complying with 503.

**208.2 Minimum Number.** Parking *spaces* complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3. Where more than one parking *facility* is provided on a *site*, the number of *accessible spaces* provided on the *site* shall be calculated according to the number of *spaces* required for each parking *facility*.

### Table 208.2 Parking Spaces

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 |

**Advisory 208.2 Minimum Number.** The term "parking facility" is used Section 208.2 instead of the term "parking lot" so that it is clear that both parking lots and parking structures are required to comply with this section. The number of parking spaces required to be accessible is to be calculated separately for each parking facility; the required number is not to be based on the total number of parking spaces provided in all of the parking facilities provided on the site.

**208.2.1 Hospital Outpatient Facilities.** Ten percent of patient and visitor parking *spaces* provided to serve hospital outpatient *facilities* shall comply with 502.

> **Advisory 208.2.1 Hospital Outpatient Facilities.** The term "outpatient facility" is not defined in this document but is intended to cover facilities or units that are located in hospitals and that provide regular and continuing medical treatment without an overnight stay. Doctors' offices, independent clinics, or other facilities not located in hospitals are not considered hospital outpatient facilities for purposes of this document.

**208.2.2 Rehabilitation Facilities and Outpatient Physical Therapy Facilities.** Twenty percent of patient and visitor parking *spaces* provided to serve rehabilitation *facilities* specializing in treating conditions that affect mobility and outpatient physical therapy *facilities* shall comply with 502.

> **Advisory 208.2.2 Rehabilitation Facilities and Outpatient Physical Therapy Facilities.** Conditions that affect mobility include conditions requiring the use or assistance of a brace, cane, crutch, prosthetic device, wheelchair, or powered mobility aid; arthritic, neurological, or orthopedic conditions that severely limit one's ability to walk; respiratory diseases and other conditions which may require the use of portable oxygen; and cardiac conditions that impose significant functional limitations.

**208.2.3 Residential Facilities.** Parking *spaces* provided to serve residential *facilities* shall comply with 208.2.3.

>**208.2.3.1 Parking for Residents.** Where at least one parking *space* is provided for each *residential dwelling unit*, at least one parking *space* complying with 502 shall be provided for each *residential dwelling unit* required to provide mobility features complying with 809.2 through 809.4.

>**208.2.3.2 Additional Parking Spaces for Residents.** Where the total number of parking *spaces* provided for each *residential dwelling unit* exceeds one parking *space* per *residential dwelling unit*, 2 percent, but no fewer than one *space,* of all the parking *spaces* not covered by 208.2.3.1 shall comply with 502.

>**208.2.3.3 Parking for Guests, Employees, and Other Non-Residents.** Where parking spaces are provided for persons other than residents, parking shall be provided in accordance with Table 208.2.

>**208.2.4 Van Parking Spaces.** For every six or fraction of six parking *spaces* required by 208.2 to comply with 502, at least one shall be a van parking *space* complying with 502.

**208.3 Location.** Parking *facilities* shall comply with 208.3

>**208.3.1 General.** Parking *spaces* complying with 502 that serve a particular *building* or *facility* shall be located on the shortest *accessible* route from parking to an *entrance* complying with 206.4. Where parking serves more than one *accessible entrance*, parking *spaces* complying with 502 shall be dispersed and located on the shortest *accessible* route to the *accessible entrances*. In parking

facilities that do not serve a particular *building* or *facility*, parking *spaces* complying with 502 shall be located on the shortest *accessible* route to an *accessible* pedestrian *entrance* of the parking *facility*.

> **EXCEPTIONS: 1.** All van parking *spaces* shall be permitted to be grouped on one level within a multi-*story* parking *facility*.
>
> **2.** Parking *spaces* shall be permitted to be located in different parking *facilities* if substantially equivalent or greater *accessibility* is provided in terms of distance from an *accessible entrance* or *entrances*, parking fee, and user convenience.

> **Advisory 208.3.1 General Exception 2.** Factors that could affect "user convenience" include, but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

**208.3.2 Residential Facilities.** In residential *facilities* containing *residential dwelling units* required to provide mobility features complying with 809.2 through 809.4, parking *spaces* provided in accordance with 208.2.3.1 shall be located on the shortest *accessible* route to the *residential dwelling unit entrance* they serve. *Spaces* provided in accordance with 208.2.3.2 shall be dispersed throughout all types of parking provided for the *residential dwelling units*.

> **EXCEPTION:** Parking *spaces* provided in accordance with 208.2.3.2 shall not be required to be dispersed throughout all types of parking if substantially equivalent or greater *accessibility* is provided in terms of distance from an *accessible entrance*, parking fee, and user convenience.

> **Advisory 208.3.2 Residential Facilities Exception.** Factors that could affect "user convenience" include, but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

## 209 Passenger Loading Zones and Bus Stops

**209.1 General.** Passenger loading zones shall be provided in accordance with 209.

**209.2 Type.** Where provided, passenger loading zones shall comply with 209.2.

> **209.2.1 Passenger Loading Zones.** Passenger loading zones, except those required to comply with 209.2.2 and 209.2.3, shall provide at least one passenger loading zone complying with 503 in every continuous 100 linear feet (30 m) of loading zone *space*, or fraction thereof.
>
> **209.2.2 Bus Loading Zones.** In bus loading zones restricted to use by designated or specified public transportation vehicles, each bus bay, bus stop, or other area designated for lift or *ramp* deployment shall comply with 810.2.

> **Advisory 209.2.2 Bus Loading Zones.** The terms "designated public transportation" and "specified public transportation" are defined by the Department of Transportation at 49 CFR 37.3 in regulations implementing the Americans with Disabilities Act. These terms refer to public transportation services provided by public or private entities, respectively. For example, designated public transportation vehicles include buses and vans operated by public transit agencies, while specified public transportation vehicles include tour and charter buses, taxis and limousines, and hotel shuttles operated by private entities.

**U.S. Department of Justice**
Civil Rights Division
*Disability Rights Section*



# A D A
### Design Guide



# Restriping Parking Lots

## Accessible Parking Spaces

When a business, State or local government agency, or other covered entity restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design. Failure to do so would violate the ADA.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Design Guide provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



## Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

**Van-Accessible Parking Spaces**
Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

- a wider access aisle (96") to accommodate a wheelchair lift;
- vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and
- an additional sign that identifies the parking spaces as "van accessible."

One of eight accessible parking spaces, but always at least one, must be van-accessible.



### Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces     \*\* 7 out of every 8 accessible parking spaces

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses or State and local governments, at any time day or night. Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

**Department of Justice**
**ADA Information Line**

**800-514-0301 (voice)**
**800-514-0383 (tty)**

## Features of Accessible Parking Spaces for Cars



- Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.
- If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.
- accessible route (min. 36-inch width)

96" min. / 60" min. / 96" min.
2440 / 1525 / 2440

- Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.
- Boundary of the access aisle must be marked. The end may be a squared or curved shape.
- Two parking spaces may share an access aisle.

## Three Additional Features for Van-Accessible Parking Spaces



- **Sign with "van accessible"** and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space
- accessible route

96" min. / 96" min. / 96" min.
2440 / 2440 / 2440

- **96" min. width access aisle**, level (max. slope 1:50 in all directions), located beside the van parking space
- **Min. 98-inch-high clearance** at van parking space, access aisle, and on vehicular route to and from van space

## Internet

You may also review or download information on the Department's ADA Internet site at any time. The site provides access to ADA regulations, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. Internet address:
**www.usdoj.gov/crt/ada/adahom1.htm**

## Reference:

ADA Standards for Accessible Design (28 CFR Part 36):

§ 4.1.6 Alterations;
§ 4.1.2 Accessible Sites and Exterior Facilities: New Construction, and
§ 4.1.6 Parking and Passenger Loading Zones.

page 2 of 2                                                                 Duplication of this document is encouraged.